UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
NANCY ANN KILGOUR,

                Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-3809 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Nancy Ann Kilgour filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA, where Plaintiff was awarded roughly $36,107 in past-due benefits. Plaintiff's counsel, Richard Blake Seelig of Seelig Law Offices,[1] now moves for either (1) $9,026.75 in attorney's fees pursuant to 42 U.S.C. § 406(b), or (2) leave to file an amended motion for fees pursuant to § 406(b) after obtaining fees through § 406(a) from the SSA. For the reasons explained below, Seelig Law Offices' motion is granted in part and denied in part: Seelig Law Office is granted $9,026.75 in attorney's fees pursuant to 42 U.S.C. § 406(b) and instructed to withdraw its motion for attorney's fees under § 406(a).

## BACKGROUND

After an Administrative Law Judge ("ALJ") denied Plaintiff's request for benefits, Plaintiff retained Seelig Law Offices to represent her in an administrative appeal. (Dkt. 15 at 6.) After the

---

[1] The Court notes that the name of Richard Blake Seelig's law office is misspelled as "Sellig Law Offices" on Mr. Seelig's PACER account, and thus on the docket. Mr. Seelig is directed to update his information on PACER.

1

administrative appeal was denied, Seelig Law Offices filed this case on Plaintiff's behalf on July 1, 2019. (Dkt. 1.) After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA. (Dkts. 10, 11; 01/10/2020 Docket Order.) This Court then awarded Plaintiff $5,086.08 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 13; 03/31/2020 Docket Order.) On April 10, 2022, the SSA mailed Plaintiff a Notice of Award letter informing her that she would receive approximately $36,107 in past-due benefits, with 25% ($9,026.75) withheld as possible fees for her attorney. (Dkt. 16-2.[2]) By motion filed on April 22, 2022, Seelig Law Offices now seeks $9,026.75 for work performed before this Court. (Dkt. 14.)

Along with Seelig Law Offices' motion, counsel has submitted a fee agreement, demonstrating that Kilgour retained Seelig Law Offices on a 25% contingency-fee basis, and itemized time records, indicating that Seelig Law Offices spent a total of 24.25 hours litigating this matter before this Court. (Dkts. 16-1, -3.) $9,026.75 for 24.25 hours of work would be an effective hourly rate of $372.24 per hour.

## DISCUSSION

**I.     Timeliness**

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 87–89 & n.5. Furthermore, because Rule 54(d) allows judges to extend the

---

[2] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $9,026.75. (Dkt. 16-2.)

2

14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

The SSA mailed Plaintiff's counsel the notice of benefits award letter on April 10, 2022. (Dkt. 16-2.) This motion was filed on April 22, 2022. (Dkt. 14.) The motion was thus timely filed.

## II. Reasonableness of the Requested Fee

### A. Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due benefits[3]; and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849 & n.2, 853.

With respect to whether a fee would be a "windfall," in *Fields* the Second Circuit emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method

---

[3] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.4 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

3

and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

**B.      Application**

Here, Plaintiff retained Seelig Law Offices pursuant to a 25% contingency-fee agreement. (Dkt. 16-1.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Seelig Law Offices seeks the full 25% of Plaintiff's past-due benefits. At 24.25 hours

4

of work, that would be an effective hourly rate of $372.24 per hour. For the reasons explained below, the court does not find that amount to be unreasonable in the context of this case.

With respect to "the character of the representation and the results the representative achieved," Seelig Law Offices' briefing has been exemplary and helpful to the Court. Seelig Law Offices identified the relevant infirmities with the SSA's decision, prompting the SSA to agree to a remand, and achieved the exact result that Plaintiff hoped for—an award of past-due and future benefits.

There is no evidence that counsel was responsible for any delay. To the contrary, counsel was prompt in all of its filings, and the persuasiveness of its opening brief expedited Plaintiff's recovery by convincing the SSA to remand rather than oppose.

With respect to "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," the Court reiterates the quality of counsel's work. Seelig Law Offices' representations to this Court have been consistently thorough and professional. The associate who worked on this case, Beret L. Flom, has impeccable credentials, including clerking for the Honorable Dora L. Irizarry, a district court judge in this district. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. 24 F.4th at 854. Here, Seelig Law Offices spent 24.25 hours reviewing a 996-page transcript (Dkt. 8), drafting a 31-page opening brief (Dkt. 10), and obtaining a stipulation of remand (Dkt. 11). Furthermore, Seelig Law Offices requests a significantly lower *de facto* hourly rate of $372.24 per hour.

5

With respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level—the Court notes that Seelig Law Offices represented Plaintiff in her appeal before the SSA so, as in *Fields*, counsel had familiarity with the case that would make counsel's hours spent before this Court more efficient.  *See* 24 F.4th at 855.

With respect to "the satisfaction of the disabled claimant," there is every reason to believe that Plaintiff is satisfied with the outcome, which achieved exactly what she wanted—remand, past-due benefits, and ongoing benefits—and there is no evidence that Plaintiff is not satisfied with the outcome.  Furthermore, Plaintiff's counsel was not the cause of any delay in Plaintiff receiving that result—in fact, as discussed, counsel's work expedited that result.

Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that although Plaintiff's claim was not rejected as many times as in *Fields,* as the length of Plaintiff's opening brief reflects, this case involved complicated issues, and thus it took significant effort to achieve the beneficial result.  In addition, as counsel's present brief helpfully points out, in the year this case was filed, less than 60% of SSA cases brought were remanded, and, of course, not all remands are granted benefits.  (*See* Dkt. 15 at 8–9); Social Security Administration, *Court Remands as a Percentage of New Court Cases Filed*, https://www.ssa.gov/appeals/DataSets/A06_Court_Remands_NCC_Filed.html.

For the reasons explained above, the Court finds that the requested amount is not unreasonable.  Upon receiving the § 406(b) award, Seelig Law Offices must remit the $5,086.08 received pursuant to the EAJA to Plaintiff.[4]

---

[4] Sellig Law Offices moved, in the alternative, for leave to refile for fees under § 406(b) after receiving fees from the SSA under § 406(a), noting that a § 406(b) motion must be filed

6

**CONCLUSION**

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part and denied in part. Seelig Law Offices is awarded $9,026.75, and its request for leave to refile at a later date is thus denied as moot. Upon receipt of its § 406(b) award from the government, Seelig Law Offices shall promptly refund Plaintiff $5,086.08, which represents the EAJA fees already received by counsel. Furthermore, Seelig Law Offices is instructed to withdraw its pending § 406(a) motion from before the SSA. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 25, 2022
        Brooklyn, New York

---

within 14 days of receiving the notice of award letter and the SSA "often greatly reduces the amount requested and takes several months to process" fee petitions under § 406(a). (Dkt. 15 at 3.) Given that the SSA is unlikely to render its decision soon, and the thorough briefing and reasonable requests of Seelig Law Offices' § 406(b) motion, the Court grants Seelig Law Offices the full amount to which it is entitled under its retainer agreement and instructs counsel to withdraw its § 406(a) motion from before the SSA.

7